UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES DAVENPORT, | No. 2:16-cv-1739 KJN P |
| Plaintiff, | |
| v. | ORDER |
| SGT. GOMEZ, et al., | |
| Defendants. | |

I. Introduction

Plaintiff is a state prisoner, proceeding without counsel. Plaintiff seeks relief pursuant to 42 U.S.C. § 1983, and has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

Plaintiff submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). Accordingly, the request to proceed in forma pauperis is granted.

Plaintiff is required to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. §§ 1914(a), 1915(b)(1). By this order, plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court. Thereafter, plaintiff will be obligated to make monthly

payments of twenty percent of the preceding month's income credited to plaintiff's trust account. These payments will be forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full.  28 U.S.C. § 1915(b)(2).

As set forth below, the court finds that plaintiff's complaint must be dismissed, but he is granted leave to file an amended complaint.

II. Screening Standards

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous when it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke, 490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989), superseded by statute as stated in Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir. 2000) ("[A] judge may dismiss [in forma pauperis] claims which are based on indisputably meritless legal theories or whose factual contentions are clearly baseless."); Franklin, 745 F.2d at 1227.

Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). In order to survive dismissal for failure to state a claim, a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations

sufficient "to raise a right to relief above the speculative level." Id. at 555. However, "[s]pecific facts are not necessary; the statement [of facts] need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Erickson v. Pardus, 551 U.S. 89, 93 (2007) (quoting Bell Atlantic, 550 U.S. at 555, citations and internal quotations marks omitted). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Erickson, 551 U.S. at 93, and construe the pleading in the light most favorable to the plaintiff. Scheuer v. Rhodes, 416 U.S. 232, 236 (1974), overruled on other grounds, Davis v. Scherer, 468 U.S. 183 (1984).

III. Plaintiff's Complaint

Plaintiff's complaint concerns unrelated incidents. First, plaintiff raises various Eighth Amendment claims against defendants Ramirez, Lewis, Gomez, Hernandez, Thompson, and John Does 1 - 3 for failing to protect plaintiff, deliberate indifference to plaintiff's safety, and deliberate indifference to plaintiff's serious medical needs while plaintiff was housed at California State Prison, Sacramento ("CSP-SAC"). Such claims stem from defendants Ramirez and Lewis allegedly intentionally housing plaintiff with a J-category inmate to set up an altercation that would allegedly enable them to transfer the J-category inmate out of their unit. An altercation did ensue, and plaintiff contends that defendants Gomez, Hernandez, Thompson, and John Does 1-3 failed to protect plaintiff and were deliberately indifferent to his safety and medical needs by, *inter alia*, failing to intervene to protect him from the planned altercation, failing to properly decontaminate him following the application of pepper spray, and retaining him in a holding cage for over 5 hours while he was wheezing, coughing, and suffering an inability to breathe due to his asthma, as well as refusing to provide his inhaler.

Second, plaintiff claims that while housed at the California Correctional Institution ("CCI"), Jane Doe 4 violated plaintiff's Eighth Amendment rights by failing to properly treat plaintiff's eye injuries. (ECF No. 1 at 12.) Plaintiff includes numerous allegations concerning previous eye care at CSP-SAC and CSP-Corcoran, but did not name individuals as defendants in connection therewith.

////

Third, plaintiff claims that John Doe #5, appeals coordinator at CSP-SAC, interfered with plaintiff's ability to exhaust his administrative remedies.

IV. Discussion

A. Improper Joinder

The court has reviewed the complaint pursuant to § 1915A and finds it must be dismissed with leave to amend because the claims asserted in the complaint are not properly joined under Federal Rule of Civil Procedure 20(a) concerning joinder of claims and defendants. Rule 20(a) provides that all persons may be joined in one action as defendants if "any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences" and "any question of law or fact common to all defendants will arise in the action." Fed. R. Civ. P. 20(a)(2).

Here, plaintiff raises claims based on three separate incidents, one of which occurred at a different prison, and two of which are against defendants who are different defendants involved in the first incident. These claims are dismissed because they do not (a) arise out of the same transaction, occurrence, or series of transactions or occurrences and (b) present questions of law or fact common to all defendants. Except as addressed below, the dismissal of the improperly joined claims and parties means only that they cannot be pursued in this one action. Plaintiff is free to file a new action as to cognizable claims he may not pursue in this action.

B. Eighth Amendment Claims re March 25, 2015 Altercation

Plaintiff alleges that defendants Ramirez and Lewis allegedly intentionally housed plaintiff with a J-category inmate to set up an altercation that would enable them to transfer the J-category inmate out of their unit. An altercation did ensue, and plaintiff contends that defendants Gomez, Hernandez, Thompson, and John Does 1-3 failed to protect plaintiff and were deliberately indifferent to his safety and medical needs by, *inter alia*, failing to intervene to protect him from the planned altercation, failing to properly decontaminate him following the application of pepper spray, and retaining him in a holding cage for over 5 hours while he was wheezing, coughing, and suffering an inability to breathe due to his asthma, and refusing to provide his inhaler.

The Eighth Amendment requires prison officials to take reasonable measures to guarantee the safety of prisoners. See Farmer v. Brennan, 511 U.S. 825, 832 (1994). In particular, prison officials have an affirmative duty to protect inmates from violence at the hands of other inmates. See id. at 833. The failure of a prison official to protect inmates from attacks by other inmates or from dangerous conditions at the prison violates the Eighth Amendment only when two requirements are met: (1) the objective component -- the deprivation alleged must be sufficiently serious, see Farmer, 511 U.S. at 834 (citing Wilson v. Seiter, 501 U.S. 294, 298 (1991)); and (2) the subjective component -- the prison official must possess a sufficiently culpable state of mind. See id. (citing Wilson, 501 U.S. at 297).

In determining whether a deprivation is sufficiently serious to satisfy the objective component of an Eighth Amendment claim, a court must consider the circumstances, nature, and duration of the deprivation. Id. at 834 (citing Wilson, 501 U.S. at 298). With respect to the subjective component, the requisite state of mind depends on the nature of the claim. In prison conditions cases, the necessary state of mind is one of "deliberate indifference." See, e.g., Allen v. Sakai, 48 F.3d 1082, 1087 (9th Cir. 1994) (outdoor exercise); Farmer, 511 U.S. at 834 (inmate safety); Estelle v. Gamble, 429 U.S. 97, 104 (1976) (inmate health); Wilson, 501 U.S. at 302-03 (general conditions of confinement).

"Deliberate indifference" has both subjective and objective components. A prison official must "be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists and . . . must also draw the inference." Farmer, 511 U.S. at 837. Liability may follow only if a prison official "knows that inmates face a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it." Id. at 847. Deliberate indifference describes a more blameworthy state of mind than negligence. See Farmer, 511 U.S. at 835 (citing Estelle, 429 U.S. at 104). Negligence is not enough to amount to an Eighth Amendment violation. Farmer, 511 U.S. at 835. Deliberate indifference is not shown by merely stating that a defendant should have known of a risk, but requires an actual perception of a risk that does not exist merely because a reasonable person should have perceived a risk. Id. at 836.

////

While the Eighth Amendment of the United States Constitution entitles plaintiff to medical care, the Eighth Amendment is violated only when a prison official acts with deliberate indifference to an inmate's serious medical needs. Snow v. McDaniel, 681 F.3d 978, 985 (9th Cir. 2012), overruled in part on other grounds, Peralta v. Dillard, 744 F.3d 1076, 1082-83 (9th Cir. 2014); Wilhelm v. Rotman, 680 F.3d 1113, 1122 (9th Cir. 2012); Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006). Plaintiff "must show (1) a serious medical need by demonstrating that failure to treat [his] condition could result in further significant injury or the unnecessary and wanton infliction of pain," and (2) that "the defendant's response to the need was deliberately indifferent." Wilhelm, 680 F.3d at 1122 (citing Jett, 439 F.3d at 1096). Deliberate indifference is shown by "(a) a purposeful act or failure to respond to a prisoner's pain or possible medical need, and (b) harm caused by the indifference." Wilhelm, 680 F.3d at 1122 (citing Jett, 439 F.3d at 1096). The requisite state of mind is one of subjective recklessness, which entails more than ordinary lack of due care. Snow, 681 F.3d at 985 (citation and quotation marks omitted); Wilhelm, 680 F.3d at 1122. Mere 'indifference,' 'negligence,' or 'medical malpractice' will not support this cause of action." Broughton v. Cutter Laboratories, 622 F.2d 458, 460 (9th Cir. 1980) (citing Estelle v. Gamble, 429 U.S. at 97, 105-06 (1976).

Plaintiff's complaint states potentially cognizable Eighth Amendment claims against defendants Ramirez, Lewis, Gomez, Hernandez, Thompson, and John Does 1 - 3 for failing to protect plaintiff, deliberate indifference to plaintiff's safety, and deliberate indifference to plaintiff's serious medical needs while plaintiff was housed at CSP-SAC. However, in the complaint, plaintiff failed to identify the damages he seeks from such defendants. Rather, plaintiff states that he seeks a diagnosis of, and treatment for, his eye problem, including medication for his constant "masrans," "and $120,000." (ECF No. 1 at 14.) It is unclear whether the monetary damages is sought as to all named defendants, or only Jane Doe 4, because his monetary amount was included in his sentence concerning eye care. It does not appear that Ramirez, Lewis, Gomez, Hernandez, Thompson, and John Does 1 - 3 were responsible for providing plaintiff with eye care for the alleged damage to his eye that began in early April 2015, and because these defendants are not medical staff, it is unlikely that they were involved in the

events of April 2015.  Plaintiff is granted leave to file an amended complaint raising his Eighth Amendment claims against these defendants in connection with the March 2015 events at CSP-SAC surrounding the altercation for which plaintiff was pepper-sprayed.  Plaintiff should limit his allegations in the amended complaint to the March 2015 events.

### C.  Administrative Appeals

Plaintiff alleges defendant John Doe #5 did not allow plaintiff to exhaust his administrative remedies, failed to respond to plaintiff's appeals, and screened out or failed to respond to plaintiff's appeals.  (ECF No. 1 at 14.)  However, prisoners have no stand-alone due process rights related to the administrative grievance process.  See Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988); see also Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003) (holding that there is no liberty interest entitling inmates to a specific grievance process).  Put another way, prison officials are not required under federal law to process inmate grievances in a specific way or to respond to them in a favorable manner.  Because there is no right to any particular grievance process, plaintiff cannot state a cognizable civil rights claim for a violation of his due process rights based on allegations that prison officials ignored or failed to properly process grievances. See, e.g., Wright v. Shannon, 2010 WL 445203 at *5 (E.D. Cal. Feb. 2, 2010) (plaintiff's allegations that prison officials denied or ignored his inmate appeals failed to state a cognizable claim under the First Amendment); Williams v. Cate, 2009 WL 3789597 at *6 (E.D. Cal. Nov. 10, 2009) ("Plaintiff has no protected liberty interest in the vindication of his administrative claims.").  Because plaintiff cannot state a valid due process claim against John Doe #5 based on his role in the inmate grievance process, plaintiff should not include such claim or defendant in his amended complaint.

### D.  Plaintiff's Eye Care

Plaintiff alleges that Jane Doe #4, who works at CCI, was deliberately indifferent to plaintiff's serious medical needs for refusing to properly treat plaintiff's eye.

The Eighth Amendment standards governing medical claims are set forth above.

It appears that plaintiff may be able to state a cognizable Eighth Amendment claim against Jane Doe #4.  However, this claim is unrelated to the Eighth Amendment claims raised against

the named defendants employed at CSP-SAC, and does not name a defendant involved in the allegations surrounding the March 25, 2015 altercation. Moreover, because CCI is located in Tehachapi, claims arising from incidents at CCI must be filed in the Fresno Division of this court.

Thus, plaintiff's claims against Jane Doe #4 are dismissed without prejudice to plaintiff filing a complaint in the Fresno Division of the Eastern District of California. Plaintiff should not include any claims concerning the subsequent medical care of his eye problem diagnosed in early April 2015 in this action.[1]

V. Conclusion

Therefore, plaintiff's complaint is dismissed. However, the court grants leave to file an amended complaint. This action proceeds solely as to plaintiff's Eighth Amendment claims against defendants Ramirez, Lewis, Gomez, Hernandez, Thompson, and John Does 1 - 3. Thus, plaintiff is granted leave to file an amended complaint that addresses only such Eighth Amendment claims related to the March 25, 2015 altercation. Plaintiff must raise his other Eighth Amendment claim concerning eye care by Jane Doe 4 in a separate civil rights action filed in the Fresno Division of the Eastern District.

Plaintiff may not change the nature of this suit by alleging new, unrelated claims in his amended complaint.[2] See Fed. R. Civ. P. 20(a)(2).

---

[1] It does not appear that plaintiff can state a cognizable claim against medical staff at CSP-SAC for the treatment of plaintiff's eye in early April 2015, because the CSP-SAC eye doctor obtained glasses for plaintiff in an effort to assist him, and also referred plaintiff to an outside eye doctor. (ECF No. 1 at 10.) Moreover, it does not appear that plaintiff can state a cognizable claim against the outside eye doctor because the outside eye doctor was unable to determine the cause of plaintiff's eye problem. Plaintiff was moved to CSP-Corcoran thereafter.

[2] A plaintiff may properly assert multiple claims against a single defendant. Fed. Rule Civ. P. 18. In addition, a plaintiff may join multiple defendants in one action where "any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions and occurrences" and "any question of law or fact common to all defendants will arise in the action." Fed. R. Civ. P. 20(a)(2). Unrelated claims against different defendants must be pursued in separate lawsuits. See George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007). This rule is intended "not only to prevent the sort of morass [a multiple claim, multiple defendant] suit produce[s], but also to ensure that prisoners pay the required filing fees -- for the Prison Litigation Reform Act limits to 3 the number of frivolous suits or appeals that any prisoner may file without prepayment of the required fees. 28 U.S.C. § 1915(g)." George, 507 F.3d at 607.

In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete. Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. This requirement exists because, as a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

The Clerk of the Court is directed to send plaintiff the form for filing a civil rights complaint so that plaintiff may pursue his Eighth Amendment claim against Jane Doe 4 in the Fresno Division of the Eastern District.

Plaintiff is not required to append exhibits to his amended complaint. Plaintiff's previously-filed exhibits remain part of the court record and can be referred to by any party.

Finally, because plaintiff previously addressed these issues, plaintiff is not required in his amended complaint to explain the exhaustion of administrative remedies in connection with his Eighth Amendment claims against defendants Ramirez, Lewis, Gomez, Hernandez, Thompson, and John Does 1 - 3, and he is not required to set forth his prior lawsuits.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's request for leave to proceed in forma pauperis is granted.

2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. Plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). All fees shall be collected and paid in accordance with this court's order to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith.

3. Plaintiff's complaint is dismissed.

4. Within thirty days from the date of this order, plaintiff shall complete the attached Notice of Amendment and submit the following documents to the court:

    a. The completed Notice of Amendment; and

    b. An original and one copy of the Amended Complaint.

Plaintiff's amended complaint shall comply with this order, the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice.  The amended complaint must also bear the docket number assigned to this case and must be labeled "Amended Complaint."

  Failure to file an amended complaint in accordance with this order may result in the dismissal of this action.

  5. The Clerk of the Court shall send plaintiff the form for filing a civil rights complaint by a prisoner, an application to proceed in forma pauperis, and the address for the Fresno Division of the Eastern District.

Dated:  November 22, 2016

*Kendall J. Newman*
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

/dave1739.14

1
2
3
4
5
6
7

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| JAMES DAVENPORT, | No. 2:16-cv-1739 KJN P |
|---|---|
| Plaintiff, | |
| v. | NOTICE OF AMENDMENT |
| SGT. GOMEZ, et al., | |
| Defendants. | |

    Plaintiff hereby submits the following document in compliance with the court's order filed_____.

    _____    Amended Complaint
DATED:

    _____
    Plaintiff