UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES DAVENPORT,<br><br>          Plaintiff,<br><br>    v.<br><br>SGT. GOMEZ, et al.,<br><br>          Defendants. | No. 2:16-cv-1739 KJN P<br><br>ORDER and<br>FINDINGS and RECOMMENDATIONS |

Plaintiff is a state prisoner, proceeding pro se and in forma pauperis, with an action filed pursuant to 42 U.S.C. § 1983. Plaintiff's amended complaint is now before the court.

Because plaintiff's original complaint included unrelated causes of action against different defendants, one of which occurred at a different prison, plaintiff's complaint was dismissed with leave to amend to raise only his Eighth Amendment claims against the defendants involved with the March 2015 events at CSP-SAC surrounding the altercation for which plaintiff was pepper-sprayed. (ECF No. 6 at 7.) Plaintiff's claims against Jane Doe #4 were dismissed without prejudice to plaintiff filing a complaint in the Fresno Division of the Eastern District of California. (ECF No. 6 at 8.) Plaintiff was advised not to "include any claims concerning the subsequent medical care of his eye problem diagnosed in early April 2015 in this action," and told to raise such claims in a separate civil rights action brought in the Fresno Division of the Eastern District. (Id.) Plaintiff was informed that this action would solely proceed as to his Eighth

Amendment claims against the named defendants, and warned that plaintiff may not change the nature of this suit by alleging new, unrelated claims in his amended complaint.

Despite such admonitions, plaintiff renewed his allegations that certain unnamed medical professionals were deliberately indifferent to plaintiff's need for medical care for his eye issues in April of 2015 and beyond. Therefore, for the reasons set forth in the court's initial screening order, the undersigned recommends that plaintiff's claims concerning medical care by medical staff for his eye issues be dismissed from this action. The defendants named herein are not obligated to respond to plaintiff's allegations concerning eye care in April of 2015 or after.

On the other hand, the amended complaint states potentially cognizable Eighth Amendment claims for relief against defendants Ramirez, Lewis, Gomez, Hernandez, and Thompson pursuant to 42 U.S.C. § 1983 and 28 U.S.C. § 1915A(b).[1] If the allegations of the amended complaint are proven, plaintiff has a reasonable opportunity to prevail on the merits of this action.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Service is appropriate for the following defendants: Ramirez, Lewis, Gomez, Hernandez, and Thompson.

2. The Clerk of the Court shall send plaintiff five USM-285 forms, one summons, an instruction sheet and a copy of the amended complaint (ECF No. 13), without exhibits.[2]

3. Within thirty days from the date of this order, plaintiff shall complete the attached Notice of Submission of Documents and submit the following documents to the court:

---

[1] Plaintiff claims that in March of 2015, defendants Ramirez and Lewis allegedly intentionally housed plaintiff with a J-category inmate to set up an altercation that would enable them to transfer the J-category inmate out of their unit. An altercation did ensue, and plaintiff contends that defendants Gomez, Hernandez, and Thompson failed to protect plaintiff and were deliberately indifferent to his safety and medical needs by, *inter alia*, failing to intervene to protect him from the planned altercation, failing to properly decontaminate him following the application of pepper spray, and retaining him in a holding cage for over 5 hours while he was wheezing, coughing, and suffering an inability to breathe due to his asthma, and refusing to provide his inhaler.

[2] Plaintiff is not required to provide exhibits with his pleading. Plaintiff appended 46 pages of exhibits which are separately docketed as 13-1.

a. The completed Notice of Submission of Documents;

                b. One completed summons;

                c. One completed USM-285 form for each defendant listed in number 1 above;[3] and

                d. Six copies of the endorsed amended complaint (ECF No. 13), without exhibits.

        4. Plaintiff need not attempt service on defendants and need not request waiver of service. Upon receipt of the above-described documents, the court will direct the United States Marshal to serve the above-named defendants pursuant to Federal Rule of Civil Procedure 4 without payment of costs.

        Further, IT IS RECOMMENDED that plaintiff's claims concerning eye care in April of 2015 and thereafter be dismissed without prejudice.

        These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, plaintiff may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

Dated:  January 18, 2018

*[signature]*
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

/cw/dave1739.1.amd

---

[3] Plaintiff is required to complete and submit the information on the carbonized USM-285 forms provided by the U.S. Marshal.

|  |  |
|---|---|
| JAMES DAVENPORT,<br><br>         Plaintiff,<br><br>   v.<br><br>SGT. GOMEZ, et al.,<br><br>         Defendants. | No. 2:16-cv-1739 KJN P<br><br>NOTICE OF SUBMISSION OF DOCUMENTS |

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

    Plaintiff hereby submits the following documents in compliance with the court's order filed _____ :

    \_\_\_\_        completed summons form

    \_\_\_\_        completed USM-285 forms

    \_\_\_\_        copies of the _____
                               Amended Complaint

DATED:

                                         _____
                                         Plaintiff

1